Donna T. Parkinson, CA State Bar No. 125574
Thomas R. Phinney, CA State Bar No. 159435
**PARKINSON PHINNEY**
3600 American River Drive, Suite 145
Sacramento, CA 95864
Telephone:  (916) 449-1444
Facsimile:   (916) 449-1440
E-mail: donna@parkinsonphinney.com

Attorneys for Creditor and former
Receiver Michael Burkart

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>WAREHOUSE WAY ASSOCIATES, LTD.,<br><br>Debtor.<br>_____<br>MICHAEL BURKART, Creditor and Former Receiver for WAREHOUSE WAY ASSOCIATES VIII,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP J. TERRY; DONALD FRIEND; FRIEND, FRIEND & FRIEND, LLP; JOHN D WONG; J.L. SZABO; MANN BALL WONG & MAI KIM WONG; BRIAN KRAFT; JAMES KEN NISHITA, TRUSTEE FOR HIDEO NISHITA; PIERI-BRUSSEAU INVESTMENT CO.; LORA NANBU, TRUSTEE FOR THE DOROTHY HOCKING REVOCABLE LIVING TRUST; MARY TOMITA aka MARIANNE TOMITA-MCDONALD; ROY WAKIDA; LINDA NANBU; LINDA GREEN, CHAPTER 7 TRUSTEE,<br><br>Defendants, | **Case No.: 18-10415 RLE**<br><br>**Adv. Proc. No.**<br><br>**COMPLAINT FOR DECLARATORY RELIEF FOR SUBORDINATION OF CLAIMS OF LIMITED PARTNERS PURSUANT TO 11 U.S.C. § 510** |

Plaintiff Michael Burkart, creditor herein and former Court-appointed receiver ("Receiver") for Warehouse Way Associates VIII, also known as Warehouse Way Associates, Ltd. VIII, and Chapter 7 debtor in this case ("Debtor" or "Partnership") alleges as follows:

## I.
## JURISDICTION AND VENUE

1. Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. sections 157 and 1334. This proceeding arises in and relates to the Chapter 7 bankruptcy case of Warehouse Way Associates VIII, also known as Warehouse Way Associates, Ltd. VIII, case number 18-10415 (the "Case"), now pending in this Court.

2. This adversary proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7001(8), and 11 U.S.C. section 510.

3. This is a core proceeding within the meaning of 28 U.S.C. sections 157(b)(2)(A), (B) and (O). Venue is proper pursuant to 28 U.S.C. sections 1334 and 1409.

4. Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court.

## II.
## PARTIES

5. Plaintiff is informed and believes and thereon alleges that Defendant PHILIP J. TERRY, ESQ. address c/o Carle, Mackle, Power & Ross LLP, 100 B Street, Suite #400, Santa Rosa, CA 95401, is a holder of a general unsecured claim for unpaid legal fees of the Partnership. Defendant TERRY is named as a party to ensure that the court has complete jurisdiction in this matter, and in the event he is a necessary party.

6. Plaintiff is informed and believes and thereon alleges that Defendant DONALD FRIEND holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 355 Hayes Street, San Francisco, CA 94102, where his principal place of business is located.

7. Plaintiff is informed and believes and thereon alleges that Defendant FRIEND, FRIEND & FRIEND, LLP holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 355 Hayes Street, San Francisco, CA 94102, where its principal place of business is located.

8. Plaintiff is informed and believes and thereon alleges that Defendant JOHN D. WONG holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 517 Trinidad Lane Foster City, CA 94404.

9. Plaintiff is informed and believes and thereon alleges that Defendant J.L. SZABO holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 525 Morse Avenue, #101, Sacramento, CA 95864, where his principal place of business is located.

10. Plaintiff is informed and believes and thereon alleges that Defendant MANN BALL WONG & MAI KIM WONG holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 218 Sheila Court, Moraga, CA 94556.

11. Plaintiff is informed and believes and thereon alleges that Defendant BRIAN KRAFT holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 525 Morse Avenue, #101, Sacramento, CA 95864, where his principal place of business is located.

12. Plaintiff is informed and believes and thereon alleges that Defendant James Ken Nishita, as Trustee for HIDEO NISHITA holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is c/o James Ken Nishita, Trustee, 77-154 Laelae Street, Kailua Kona, HI 96740.

///

13. Plaintiff is informed and believes and thereon alleges that Defendant PIERI-BRUSSEAU INVESTMENT CO. is a California general partnership, of which Leonard Lifford Brusseau is a general partner, and this defendant holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 3120 Pierce Street, Richmond, CA 94804, where its principal place of business is located.

14. Plaintiff is informed and believes and thereon alleges that Defendant Lora Nanbu, Trustee, as Trustee for the DOROTHY HOCKING REVOCABLE LIVING TRUST holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is c/o Lora Nanbu, Trustee, 2205 Shelter Creek Lane, San Bruno, CA 94066.

15. Plaintiff is informed and believes and thereon alleges that Defendant MARY TOMITA aka MARIANNE TOMITA-MCDONALD holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is c/o Walter Dahl, Esq., 2304 N Street, Sacramento, CA.

16. Plaintiff is informed and believes and thereon alleges that Defendant ROY WAKIDA holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 1932 El Dorado Ave., Berkeley, CA 94707.

17. Plaintiff is informed and believes and thereon alleges that Defendant LINDA NANBU holds or held a limited partnership interest in the Partnership, and that, based upon such interest, filed a Proof of Claim in this case. The address for this defendant is 2647 44th Ave., San Francisco, CA 94116.

18. LINDA GREEN is the Chapter 7 trustee ("Trustee") for the Debtor in this case. No relief is requested against the Trustee. The Trustee is named as a party to ensure that the court has complete jurisdiction in this matter, and in the event the Trustee is a necessary party.

///

## III.

## GENERAL ALLEGATIONS

19. In 1984, Frank Ribbel ("Ribbel"), Donald A. Friend ("Friend") and Peter N. Kawakami ("Peter Kawakami") prepared and circulated a Private Placement Memorandum ("PPM") (comprised of 81 pages including exhibits) for the Partnership. The purpose of the PPM was to raise $675,000 through the sale of Limited Partnership Interests offered in 27 Units in the amount of $25,000.00 each, to acquire and hold for investment a four-unit industrial warehouse complex commonly known as "Alpine Business Center" and located on Alpine Avenue in Sacramento, CA.

20. Shortly thereafter, Ribbel, Friend and Peter Kawakami as general partners ("General Partners") executed a Certificate of Limited Partnership for Warehouse Way Associates VIII and recorded it with the Sacramento County Recorder on March 30, 1984. Using funds raised from the sale of limited partner interests, the General Partners negotiated the purchase of a 4.73-acre parcel of property commonly known as 8200, 8210, 8220 and 8230 Alpine Avenue, Sacramento, California, improved with four detached industrial buildings totaling 103,600 square feet (the "Property").

21. The General Partners executed a First Amendment to Certificate of Limited Partnership and recorded it with Sacramento County recorder on September 10, 1984, to amend the name of the limited partnership to Warehouse Way Associates, Ltd. VIII, and to designate the names of Partners and their capital contributions as follows:

22. General Partner Peter N. Kawakami passed away on April 3, 1994. Donald Friend withdrew as general partner in 2000, leaving Ribbel as the sole remaining general partner.

23. The term of Partnership Agreement was stated to be 30 years, and it expired on March 28, 2014 (March 28, 1984 to March 28, 2014). See Paragraph 7 of the Limited Partnership Agreement. Ribbel, the sole remaining general partner, did nothing in 2014 to notify the limited partners nor to reorganize the Partnership.

24. The Partnership Agreement at paragraph 22.2 provides for dissolution and

termination of the Partnership as follows:

> 22.2 Upon a dissolution and termination of the Partnership for any reason, the General Partners shall take full account of the Partnership assets and liabilities, and shall apply and distribute the Partnership assets in the following order:
>
> (a) To the payment of creditors of the Partnership in order of priority provided by law, . . . .

25. California limited partnership law provides at Corporations Code § 15908.09(a):

> (a) In winding up a limited partnership's activities, the assets of the limited partnership, including the contributions required by this section, **must be applied to satisfy the limited partnership's obligations to creditors**, including to the extent permitted by law, partners that are creditors. [Emphasis added.]
>
> (b) Any surplus remaining after the limited partnership complies with subdivision (a) must be returned to the partners as they share in distributions.

The Corporations Code goes on to provide in section (c) for "contributions" by the general partner to pay unsatisfied creditors' claims under section (a) and sets out requirements, if the contributions are not made and recovery from partners who fail to make contributions. Thus, limited partners of the Partnership by the Partnership Agreement and by California Limited Partnership law share in the liquidation of assets of the Partnership after creditors receive payment.

26. The general status of the bankruptcy case is summarized by the Trustee in her Motion for Final Compensation at Dkt No. 207 at page 2 lines 5-17 as follows:

> The Debtor was a long-standing limited partnership which (sic.) owned an industrial building near Sacramento, which it sold approximately one year before the Petition Date. The Debtor's sole remaining general partner, an individual named Frank Ribbel, was impaired for many years prior to the sale and passed away approximately six months after the property was sold. Mr. Ribbel made excessive distributions to himself and ignored repeated requests for accountings by his limited partners. Two disgruntled limited partners filed an action in Sacramento Superior Court to dissolve the partnership and appoint a receiver. The receiver's appointment was later voided for failure to post a proper bond.[1] At

---

[1] The receiver posted a proper bond. It was the plaintiffs that obtained an ex parte appointment of the receiver that failed to post a property bond.

{313/00001/DTP/A0402283.DOC}  6

that point, an involuntary petition for relief was filed in this Court. [Counsel for the Trustee] assisted the Trustee in sorting out the Debtor's affairs, and through hard fought litigation, recovered approximately $980,000 in "new money", and finally assisted the Trustee in scheduling an equitable distribution of the remaining assets of the Debtor to parties in interest. Movant is informed and believes that these efforts will result in a dividend to unsecured creditors in this case of approximately 50% of their allowed claims.

27. Certain former limited partners of the Debtor have filed claims in this bankruptcy case. Set forth below is a chart that accurately summarizes the state of the claims register and the status of the proofs of claim filed in this case:

| Claim No. | Creditor's Name | Date Filed | Priority | General Unsecured | Limited Partner |
|---|---|---|---|---|---|
| 1 | Philip J. Terry (legal fees) | 8/17/18 | | 14,620.29 | |
| 2-2 | Donald Friend | 9/26/18 | | | 393,820.00 |
| 3-2 | Friend, Friend & Friend | 9/26/18 | | | 228,908.00 |
| 4-2 | John D. Wong | 10/05/18 | | | 22,353.00 |
| 5-2 | J. L. Szabo | 10/13/18 | | | 135,409.00 |
| 6-2 | Mann Ball Wong & Mai Kim Wong | 10/15/18 | | | 16,898.00 |
| 7 | Franchise Tax Board | 10/16/18 | 800.00 | | |
| 8 | Brian Kraft (Duplicate) | 10/21/18 | | | 0.00 |
| 9-2 | Hideo Nishita | 10/22/18 | | | 43,102.00 |
| 10 | Hideo Nishita (Duplicate) (Claim withdrawn on 2/12/19) | 10/24/18 | | | 0.00 |
| 11 | Brian Kraft | 10/23/18 | | | 135,411.00 |
| 12 | Piere-Brusseau Invest (Amount indicated to be determined) | 11/05/18 | | | TBD |
| 13-2 | Dorothy Hocking Trust | 11/05/18 | | | 69,447.00 |
| 14 | Michael Burkart | 11/05/18 | | 125,000.00 | 0.00 |
| 15-2 | Marianne Tomita-McDonald | 11/07/18 | | | 60,390.00 |
| 16 | Roy Wakida | 11/07/18 | | | 23,142.00 |
| 17 | Linda Nanbu (Late) | 02/13/19 | | | 89,780.00 |
| | **TOTALS** | | **$800.00** | **$139,620.29** | **$1,218,660.00** |

### IV.

### FIRST CLAIM FOR RELIEF
### Declaratory Relief
### Subordination of Limited Partner Claims to General Creditor Claims

28. Plaintiff realleges paragraphs 1 through 27 of this complaint as though set

{313/00001/DTP/A0402283.DOC}     7

forth herein fully.

29. Each of the claims asserted by limited partners or former limited partners in this case (Claim Nos. 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 15, 16 and 17) (collectively, "Limited Partner Claims") is a claim arising from (1) the purchase or sale, or (2) the rescission of a purchase or sale, of a security of the Debtor, or (3) is a claim for damages arising from the purchase or sale of such a security, or (4) is a claim for reimbursement or contribution allowed under 11 U.S.C. section 502 on account of such a claim. As a result, each such Limited Partner Claims "shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security" pursuant to 11 U.S.C. § 510(b).

30. The Receiver has an allowed claim (claim No. 14) arising from services performed as a court-appointed receiver of the Debtor. As a general unsecured creditor claim that does not arise from an equity interest or the sale of a limited partnership interest, such claim is senior to the Limited Partner Claims as required by 11 U.S.C. § 510(b).

31. The Trustee has informed the Receiver through counsel that she disputes that subordination applies in this case, and that she intends to propose pro rata distribution among the Limited Partner Claims and the non-equity based unsecured creditors.

32. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties, in that Plaintiff contends, and Defendants dispute, that Plaintiff is entitled to payment of his claim prior to payment on account of the Limited Partner Claims.

33. A judicial declaration is necessary and appropriate at this time and under the circumstances in order that Plaintiff and Defendants may ascertain their rights and duties with respect to the subordination of claims under 11 U.S.C. § 510(b).

34. Plaintiff seeks a declaration that it holds a claim entitled to be paid with priority over Defendants' claims.

///
///
///

{313/00001/DTP/A0402283.DOC}  8

Case: 20-01008    Doc# 1    Filed: 02/27/20    Entered: 02/27/20 15:06:38    Page 8 of 9

**WHEREFORE**, Plaintiff prays for judgment as follows:

<u>On the First Cause of Action</u>:

1. For a judicial declaration that it holds a claim entitled to be paid with priority over Defendants' claims under 11 U.S.C. § 510(b)

<u>On All Causes of Action</u>:

2. For costs of suit;

3. For such other and further relief as deemed equitable or appropriate by the court.

Dated: February 26, 2020         PARKINSON PHINNEY

By: /s/ Donna T. Parkinson
    Donna T. Parkinson
    Thomas R. Phinney
    Counsel for Michael Burkart,
    Creditor and former Receiver